**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO YEARWOOD, | No. 12-15504 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00132-DLB |
| v. | |
| M. D. BITER, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted July 24, 2013[***]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Ricardo Yearwood, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Yearwood consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Yearwood's action because Yearwood did not allege facts showing that defendants were deliberately indifferent to his shoulder injury. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to the prisoner's health and safety and an inmate's difference of opinion in the course of treatment is insufficient); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth the elements for supervisory liability under § 1983).

**AFFIRMED.**